IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE T. MOTEN, | ) | 1:12-cv-00034-AWI-GSA-PC |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR IN-COURT HEARING |
| vs. | ) ) | (Doc. 5.) |
| K. ALLISON, | ) ) ) | ORDER FINDING PLAINTIFF INELIGIBLE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL |
| Defendant. | ) ) ) ) | |
| | ) ) | ORDER FOR CLERK TO CLOSE CASE |

**I.    BACKGROUND**

Jesse T. Moten ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2011. (Docs. 1, 2.) On February 8, 2012, Plaintiff filed a motion for the Court to schedule a hearing on "Imminent Endangerment of Life." (Doc. 5.)

**II.    MOTION FOR HEARING**

Plaintiff requests an in-court hearing in this action to address Plaintiff's allegations that defendants are targeting him with threats, sexual harassment, and assault, because of his participation in the Men's Advisory Council. Specifically, Plaintiff seeks a court order appointing a Special Master to assist him with litigation of this action. In support of his motion for a hearing, Plaintiff submits his

1

unverified declaration accusing Magistrate Judge Michael J. Seng of "act[ing] Judge, Police, Jury and Prosecutor of it's own wrong, inventing outrageous and frivolous accusations about the defendants[] J. Gonzales, A. Bowman, T. Cogdil and D. Valtera" in 2008, which exposed Plaintiff to assaults and injury. (Moten Decl., Doc. 5 at ¶¶3,4.) Plaintiff refers to "civil litigation, at bar, against Orrin Grant Hatch and Newt Gingrich, under the AEDPA, or PLRA," and complains that the "AEDPA became a tool to allow judicial fabrication to camo[u]flage the prisoners credibility." Id. Plaintiff claims his "life is in Imminent Endangerment, for filing complaint grievances and litigation," and that he has been retaliated against since filing a Superior Court action. Id. at ¶6.

The Court finds no plausible evidence that Plaintiff is presently under threat of imminent danger. Plaintiff alleges no specific facts demonstrating that a prison official has made serious threats against him or taken any action preparing to cause harm to Plaintiff. With respect to an in-court hearing, Plaintiff was advised in the First Informational Order of January 10, 2012, that "[b]ecause plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be submitted without a hearing. Local Rule 230(l)." (Doc. 2 at ¶9.) Therefore, Plaintiff's request for an in-court hearing shall be denied.

## III.   ELIGIBILITY TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under 1915(g) are case numbers 2:98-cv-00118-LKK-DAD-PC (ED Cal.) Moten v. Renwick, et al. (dismissed on 06/12/2001 for failure to state a claim); 3:04-cv-01891-L-JMA (SD Cal.) Moten v. Giurbino (dismissed on 11/24/2004 for failure to state a claim); and 2:03-cv-01729-GEB-DAD-PC (ED Cal.) Moten v. Gomez, et al. (dismissed on 09/19/2006 as frivolous and for failure to state a claim).

2

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2]  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Plaintiff's Complaint is based on allegations that the hearing on his Rules Violation Report was not conducted fairly; that he is being harassed for his work on the Men's Advisory Council; that he was forced to submit to an illegal strip search; and that he is being retaliated against.[3]  Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  Therefore, Plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

**IV.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an in-court hearing is DENIED;
2. Pursuant to 28 U.S.C. § 1915(g), the Court finds that Plaintiff is ineligible to proceed in forma pauperis in this action;
2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    February 16, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. Id.

3